UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD MONTGOMERY,<br><br>        Petitioner,<br><br>    v.<br><br>V. STULL, et al.,<br><br>        Respondents. | Case No. ED CV 16-0412 AG (JCG)<br><br>**ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE AND DENYING CERTIFICATE OF APPEALABILITY** |

**I.**

**INTRODUCTION**

On March 1, 2016, petitioner Edward Montgomery ("Petitioner"), a California prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition") in federal court. [Dkt. No. 1.]  However, Petitioner has failed to exhaust his state court remedies.  Accordingly, and for the reasons discussed below, the Court dismisses the Petition without prejudice.  *See* 28 U.S.C. § 2254(b)(1)(A).

**II.**

**STATE COURT PROCEEDINGS**

By way of background, in 2013, a jury convicted Petitioner of forgery, procuring or offering a forged document, burglary, and conspiracy.  (Pet. at 1); *People v. Montgomery*, 2015 WL 6941363, at *1 (Cal. Ct. App. Nov. 10, 2015).  Petitioner

1

appealed the conviction to the California Court of Appeal. (Pet. at 2.) The Court of Appeal affirmed Petitioner's conviction and sentence. *Montgomery*, 2015 WL 6941363, at *10. On February 3, 2016, the California Supreme Court denied a petition for review. [Dkt. No. 1-1 at 339.]

## III.

## DISCUSSION

As a rule, a state prisoner must exhaust state court remedies before filing a federal habeas petition. 28 U.S.C. § 2254(b); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). To satisfy the exhaustion requirement, a petitioner must "fairly present" his federal claims to the state courts "to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*) (internal quotation marks omitted). Specifically, "[a] state prisoner seeking relief with respect to a California conviction is required to fairly present his federal claims to the California Supreme Court." *Royal v. Davey*, 2014 WL 3791164, at *2 (C.D. Cal. July 31, 2014). A claim is deemed to have been "fairly presented" when the petitioner has "described both the operative facts *and* the federal legal theory on which the claim is based." *Pourahmad v. Doyle*, 2010 WL 770039, at *1 (C.D. Cal. Feb. 20, 2010) (emphasis added).

Here, Petitioner advances four improbable claims for relief: (1) "[t]he sentencing judge . . . [had] 'no judicial authority' to impose the judgment he issued"; (2) the prosecutor at Petitioner's trial was prohibited from practicing law in California; (3) the trial judge and prosecutor "conspired to imprison the Petitioner"; and (4) the "California state attorney general has joined with the [trial] judge and prosecuting attorney . . . to uphold the unlawful, unconstitutional conviction." [Dkt. No. 1 at 6-9.] Petitioner presented none of these claims on direct appeal. [*See id.* at 86-160]; *Montgomery*, 2015 WL 6941363, at *1. Nor has Petitioner filed any state-court habeas petition regarding his conviction or sentence. (Pet. at 3.) Consequently, the Court finds that the Petition is completely unexhausted, and thus subject to dismissal without

prejudice. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims . . . it may simply dismiss the habeas petition for failure to exhaust.").

Petitioner is advised that the Court's dismissal of his Petition is *without prejudice*. If Petitioner wishes to pursue federal habeas relief, he may file a new federal habeas petition containing *only* claims that have been "fairly presented" to the California Supreme Court, as discussed above. *See Pourahmad*, 2010 WL 770039, at *1. To the extent Petitioner wishes to pursue federal habeas claims that are currently unexhausted, he may do so after he has "fairly presented" such claims in a state habeas petition to the California Supreme Court. *See Royal*, 2014 WL 3791164, at *2.

Petitioner is further advised that there is a one-year statute of limitations on federal habeas claims by a petitioner in state custody, which ordinarily begins to run at the end of the period during which that petitioner may seek direct review. 28 U.S.C. § 2244(d)(1); *see also Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) (for purposes of determining when judgment is final under § 2244(d)(1), period of direct review includes "the ninety-day period within which [the petitioner] could have filed a petition for a writ of certiorari from the United States Supreme Court"). The limitations period is tolled while a properly filed application for state post-conviction relief, or other collateral review (such as a state habeas petition), is pending. 28 U.S.C. § 2244(d). However, the limitations period is not tolled while a petition is pending in federal court. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

Finally, Petitioner is advised that a federal habeas petition may be summarily dismissed if the Court finds its allegations to be vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). Here, Petitioner's allegations of conspiracy among the judge, prosecutor, and California Attorney General are conclusory and not "supported by a statement of specific facts." *See James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994).

Further, Petitioner's remaining claims concerning the trial judge and prosecutor – which are premised on Petitioner's assertion that those individuals possess "title[s] of nobility" and thus are not U.S. citizens [*see* Dkt. No. 1 at 16] – are patently frivolous. *See Hendricks*, 908 F.2d at 491. **Petitioner is cautioned that any subsequent federal habeas petition that contains conclusory or frivolous allegations may be dismissed without leave to amend.**

## IV.
## CERTIFICATE OF APPEALABILITY

Additionally, for the reasons stated above, the Court finds that Petitioner has not shown that reasonable jurists would find it debatable whether this Court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). The Court thus declines to issue a certificate of appealability.

## V.
## ORDER

For the foregoing reasons, **IT IS ORDERED THAT** the Petition be **SUMMARILY DISMISSED** for failure to exhaust, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**IT IS FURTHER ORDERED THAT** a Certificate of Appealability be **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: April 14, 2016

HON. ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE